UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHEVAUGHN ADAMS,

      Plaintiff,

vs.

Case No. 06-CV-14933
HON. GEORGE CARAM STEEH

JOHN E. POTTER, Postmaster General
of the United States Postal Service, and
CATHERINE DELOACH,
Oak Park, Michigan Station Manager,

      Defendants.

_____/

OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS (#6)

Defendants Postmaster General John Potter and Oak Park, Michigan Postal Station Manager Catherine DeLoach move for dismissal or summary judgment of pro se plaintiff Shevaughn Adams' claims of employment discrimination. The facts and legal arguments presented in the parties' briefs are sufficient to adjudicate the motion. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

I. Background

Shevaughn Adams filed a three-page handwritten Complaint on November 1, 2006 which reads in pertinent part:

> 1) This action is brought pursuant to Title VII of the Civil Rights Act of 1964 (as amended by the Equal Employment Opportunity Act of 1972) for employment discrimination. Jurisdiction is specifically conferred on this court

under 42 U.S.C. 2000e-5.  Equitable and other relief are also sought under 42 U.S.C. 2003-5(g).

\*       \*       \*

4)  The alleged discriminatory acts occurred from [left blank]

\*       \*       \*

6)  Charges were filed with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct on [left blank]

7)  The Final Determination/Notice to Sue Letter from Equal Employment Opportunity Commission was received on Date.

8)  A copy of my charges to the Equal Employment Opportunity Commission is attached to this Complaint and is submitted as a brief statement of the facts of this claim.

9)  The agency knowingly, willfully, and intentionally denied me my rights under the Rehabilitation Act of 1973, and issue a Constructive Discharge refusing me the right to work.

10)  The agency denied me benefits under the Federal Unemployment Compensation Act, and the State of Michigan unemployment Act.

11)  The Agency knowingly, willfully, and intentionally denied me benefits under the Federal Workers' Compensation Act.

If relief is not granted, I will be irreparably denied rights secured by Title VII of the Civil Rights Act of 1964 and/or the Elliot-Larsen Civil Act, and the Civil Rights Act of 1991.  Compensatory and punitive damages.

I therefore pray that the court grant such relief as be appropriate, including injunctive orders, damages, cost and attorney fees.

Defendants Potter and DeLoach filed the instant motion for dismissal or summary judgment on January 5, 2007.  Adams filed an "Objection" to the motion on February 2, 2007, and defendants filed their reply on February 20, 2007.  On March 14, 2007, Adams filed a "Motion for Reconsideration" challenging the defendants' motion to dismiss.  The case was reassigned to this court on March 16, 2007 as a companion case to a previous

lawsuit filed by Adams, <u>Adams v. Potter</u>, 04-CV-73081 (E.D. Mich. 2004).

Defendants move to dismiss Adams' claims invoking the Federal Workers' Compensation Act and State Unemployment Act for lack of federal subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  Defendants also move to dismiss Adams' constructive discharge claim for failure to exhaust administrative remedies and a corresponding lack of federal subject matter jurisdiction.  Defendants move to dismiss each of Adams' claims for failure to state a claim on which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendants also argue DeLoach is entitled to dismissal because Postmaster Potter is the only proper party-defendant to this lawsuit.  Defendants move in the alternative for summary judgment of Adams' claims pursuant to Federal Rule of Civil Procedure 56.

Where federal subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction exists. <u>Kinsey v. Kinsey</u>, 98 F.Supp.2d 834, 835 (N.D. Ohio 2000) (quoting <u>RMI Titanium Co. v. Westinghouse Elec. Corp.</u>, 78 F.3d 1125, 1134 (6th Cir.1996)).  "The court has wide discretion to consider materials outside the complaint in assessing the validity of its jurisdiction."  <u>Ohio Nat'l Life Ins. Co. v. United States</u>, 922 F.2d 320, 325 (6th Cir.1990).

To prevail on a motion to dismiss under Rule 12(b)(6) for failure to state a claim on which relief may be granted, the defendants must demonstrate that, accepting plaintiff's well pleaded factual allegations as true, the plaintiff can prove no set of facts consistent with those allegations that would entitle her to relief.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>G.M. Eng'r and Assoc., Inc. v. West Bloomfield Tp.</u>, 922 F.2d 328, 330 (6th Cir. 1990).  The court is not required to accept as true alleged legal conclusions or unwarranted

factual inferences. Gregory v. Shelby County, Tenn., 220 F.3d 433, 446 (6th Cir. 2000); Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). The "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Scheid, 859 F.2d at 436 (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir.1984)).

### III. Analysis

#### A. Title VII and Rehabilitation Act Claims

Adams' Complaint generally invokes Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and alleges a constructive discharge claim in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, et seq.. Federal employees claiming discrimination by a government agency are required to exhaust their administrative remedies before filing suit in federal court, including exhaustion of administrative remedies laid out in applicable federal regulations. Fisher v. Harvey, No. 1:05-CV-102, 2006 WL 849868, at *4-*5 (E.D. Tenn. Mar. 31, 2006) (citing Abeita v. TransAmerica Mailings, Inc., 159 F.3d 246, 254 (6th Cir. 1988); Tuck v. HCA Health Servs. of Tenn., Inc., 7 F.3d 465, 471 (6th Cir. 1993); Dixon v. Ashcroft, 392 F.3d 212, 217 (6th Cir. 2004)). Federal courts lack subject matter jurisdiction to hear a federal employee's unexhausted discrimination claims. Fisher, 2006 WL 849868, at *4-*5 (citing Abeita, 159 F.3d at 254; Horton v. Potter, 396 F.3d 906, 910-11 (6th Cir. 2004); Benford v. Frank, 943 F.2d 609, 612 (6th Cir. 1991)). See also Smith v. United States Postal Service, 742 F.2d 257, 262 (6th Cir. 1984) (holding that retired postal worker was required to exhaust administrative remedies before filing a claim of constructive discharge under the Rehabilitation Act of 1973).

Adams filed a Pre-Complaint Counseling Complaint on February 25, 2005 alleging

race, age, sex, and disability discrimination arising from the following activity:

> The employer has knowingly, willfully and intentionally taken retaliation in various forms, including deny me overtime, threatening me with disciplinary action and taking action because of my mutal [sic] aid and protections.

Adams reiterated these same claims in a June 6, 2005 EEO Complaint of Discrimination in the Postal Service. The Notice of Final Agency Decision denying Adams' claim issued on August 18, 2006, noting within the Decision that Adams was employed as a Letter Carrier "[a]t all times relevant to the issue(s) in this complaint . . . ." August 18, 2006 Decision, at 4 (Defendants' Exhibit I-N).

Adams has failed to come forward with jurisdictional facts to show that she exhausted her administrative remedies with respect to a constructive discharge claim. Kinsey, 98 F.Supp.2d at 835. The undisputed record shows that Adams was employed as a Letter Carrier at the time she filed her Pre-Complaint on February 25, 2005 and Complaint on June 6, 2005. Allegations of "threatening me with disciplinary action" do not constitute claims of constructive discharge or an otherwise adverse employment action. See Plautz v. Potter, 156 Fed. Appx. 812, 817 (6th Cir. Dec. 21, 2005) (citing Hollins v. Atlantic Co., 188 F.3d 652, 662 (6th Cir. 1999)). Nothing in the record supports a finding that Adams initiated administrative remedies with respect to a claimed constructive discharge or forced retirement by filing a Pre-Complaint with an EEO Counselor within 45 days of the personnel action, as required by 29 C.F.R. § 1614.105(a)(1). Consistent with Fisher and the reasoning applied therein, defendants are entitled to dismissal of Adams' constructive discharge claims pursuant to Rule 12(b)(1) for lack of federal subject matter jurisdiction due to Adams' failure to exhaust administrative remedies. Horton, 396 F.3d at 910-11; Dixon, 392 F.3d at 217; Abeita, 159 F.3d at 254; Tuck, 7 F.3d at 471; Benford, 943

F.2d at 612; Smith, 742 F.2d at 262; Fisher, 2006 WL 849868, at *4-*5.

Adams' invocation of Title VII fails to state a claim on which relief may be granted as a conclusionary allegation. Gregory, 220 F.3d at 446; Scheid, 859 F.2d at 436. Adams' November 1, 2006 Complaint contains no factual allegations and expressly alleges that "[t]he alleged discriminatory acts occurred from [left blank]." Defendants are entitled to dismissal of Adams' conclusory allegations invoking Title VII pursuant to Rule 12(b)(6). Gregory, 220 F.3d at 446; Scheid, 859 F.2d at 436.

### B.  Federal Workers' Compensation Act Claims

Federal district courts do not have subject matter jurisdiction over claims filed under the Federal Employees Compensation Act, 5 U.S.C. §§ 8101, et seq., with the limited exception of claims against the Secretary of Labor or his subordinates within the Department of Labor. Owens v. Brock, 860 F.2d 1363, 1367 (6th Cir. 1988). Defendants are entitled to dismissal of Adams' Federal Workers' Compensation Act Claims under Rule 12(b)(1) for lack of subject matter jurisdiction. Kinsey, 98 F.Supp.2d at 835.

### C.  Federal Unemployment Compensation Act

Adams has failed to identify a "Federal Unemployment Compensation Act." Unemployment benefits are governed by state law. See Taylor v. United States Postal Service, 163 Mich. App. 77, 413 N.W.2d 736 (1987). Defendants are entitled to dismissal of Adams' claims under a Federal Unemployment Compensation Act pursuant to Rule 12(b)(6) as a matter of law for failure to state a claim on which relief may be granted. Conley, 355 U.S. at 45-46; G.M. Eng'r, 922 F.2d at 330.

### D.  Elliott-Larsen Civil Rights Act

Adams' remaining Elliott-Larsen Civil Rights Act (ELCRA) claim is a state law claim.

See M.C.L. §§ 37.2101 et seq.. A district court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The court declines to exercise supplemental jurisdiction over Adams' ELCRA claims, and accordingly, the ELCRA claims will be dismissed.

### IV. Conclusion

The court need not adjudicate the defendants' arguments to dismiss DeLoach as an improper party-defendant or defendants' motion for summary judgment. For the reasons set forth above,

Defendants' motion to dismiss is hereby GRANTED. Plaintiff Shevaughn Adams' claims are hereby DISMISSED in their entirety, with the court declining to exercise supplemental jurisdiction over any state law claims.

SO ORDERED.

Dated: April 11, 2007

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 11, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk